DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

———————————————

AARON WILLIAM GILBRETH,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2025-2048

———————————————

July 1, 2026

Appeal from the County Court for Hillsborough County; Jack N. Gutman, Judge.

Blair Allen, Public Defender, and Caroline S. Cassidy, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Tayna Alexander, Assistant Attorney General, Tampa, for Appellee.

PER CURIAM.

Aaron William Gilbreth appeals his judgment and sentences for resisting an officer without violence and criminal mischief. Appellate counsel initially filed an *Anders*[1] brief. *See In re Anders Briefs*, 581 So. 2d 149 (Fla. 1991). We struck that brief and directed counsel to file an initial brief addressing whether the trial court erred in denying Mr.

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

Gilbreth's Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentencing error. The State has conceded error on that issue.

Mr. Gilbreth entered pleas to both misdemeanor charges in a single case. The trial court sentenced him to twelve months of probation on count one and to a concurrent six-month term of probation on count two. At sentencing, the court orally imposed "standard court costs and costs of prosecution." The written judgment for costs, however, imposed two separate $50 "Cost of Prosecution SAO Revenue" assessments under section 938.27(8), Florida Statutes (2025), resulting in a total prosecution cost of $100.

Mr. Gilbreth filed a timely rule 3.800(b)(2) motion arguing that the cost of prosecution had been improperly imposed twice. The trial court did not enter a written order ruling on the motion, and it was therefore deemed denied. *See* Fla. R. Crim. P. 3.800(b)(2)(B).

The State's concession of error is well taken. Section 938.27(8) provides that costs for the state attorney "must be set in all cases at no less than $50 per case when a misdemeanor . . . is charged" and permits a higher amount only "upon a showing of sufficient proof of higher costs incurred." Nothing in the record reflects that the State sought prosecution costs above the statutory minimum, that the trial court made findings supporting a higher amount, or that the court orally pronounced an increased cost of prosecution. *See Kee v. State*, 385 So. 3d 139, 139–40 (Fla. 4th DCA 2024) ("When the trial court fails to make the appropriate factual findings regarding prosecution costs above the statutory minimum or orally announce a higher amount at sentencing, prosecution costs will be reduced to the mandatory minimum amount." (citing *Desrosiers v. State*, 286 So. 3d 297, 300 (Fla. 4th DCA 2019))).

Accordingly, we affirm Mr. Gilbreth's judgment and sentences in all respects but reverse the denial of his rule 3.800(b)(2) motion and remand with instructions for the trial court to strike one of the duplicative $50 cost-of-prosecution assessments.

Affirmed in part, reversed in part, and remanded with instructions.

KHOUZAM, ATKINSON, and LABRIT, JJ., Concur.

_____

Opinion subject to revision prior to official publication.